UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEORGE WILLIE MCNAIR,

    Petitioner,

        v.                              Civil No. 14-cv-688-JPG

UNITED STATES OF AMERICA,        Criminal No 03-cr-40024-JPG-005

    Respondent.

**MEMORANDUM AND ORDER**

        This matter comes before the Court on petitioner George Willie McNair's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court ordered the Government to respond to McNair's motion and invited the response to address the issue of the timeliness of the motion. Of specific concern to the Court was that the Court sentenced McNair on August 21, 2003 and entered its judgment in September 3, 2003, and McNair did not appeal his sentence. Thus, his conviction became final fourteen days later on September 17, 2003, when he period to appeal expired. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see* Fed. R. App. Pro. 4(b)(1)(A).

        McNair did not file his § 2255 motion until June 10, 2014, more than a decade later. In response, the Government filed a motion to dismiss McNair's § 2255 motion as untimely (Doc. 5). McNair has not responded to the motion.

        In his § 2255 motion, McNair argues that his sentence should be vacated and reimposed in compliance with *Descamps v. United States*, 133 S. Ct. 2276 (2013). *Descamps*, decided by the Supreme Court on June 20, 2013, held that where a criminal statute is divisible, that is, where there are alternative paths with different elements to reach a conviction, the Court may use the "modified categorical approach" to determine whether the offense qualifies as one of the "generic"

violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e).  *Id.* at 2281.  Under the modified categorical approach, the Court may consult the charging documents and other judicial documents in the underlying case to see which of the alternative ways of reaching a conviction was used and whether that way satisfies the definition of a violent felony set forth in § 924(e)(2)(B)(ii).  *Id.*  On the other hand, the Court must use the "categorical approach" where the criminal statute is not divisible, that is, where it contains a single set of elements without alternative ways to reach a conviction.  *Id.* at 2282.  Under the "categorical approach," the Court may only consider the elements of the statute of conviction to see if the conviction qualifies as a violent felony.  *Descamps* confirmed that this rule about when underlying criminal documents can be consulted holds true even when the statute of conviction is broader than the "generic" crime listed in § 924(e)(2)(B)(ii); if the crime is not divisible, the underlying documents cannot be consulted. . . period.  *Id.* at 2281-82, 2285-86.

It appears that McNair filed his motion too late.  A petitioner seeking relief under § 2255 must file his motion within the one-year limitations period set forth in § 2255(f).  Prisoners used to be able to file motions under § 2255 at any time during their sentences.  However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence.  The one-year limitations period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

It appears McNair may believe the holding in *Descamps* triggers the one year limitations period in his case pursuant to § 2255(f)(3) rather than the date his judgment became final pursuant to § 2255(f)(1). However, the third triggering event does not apply. In *Descamps*, the Supreme Court did not initially or newly recognize a right but instead acknowledged its rule had been established by prior precedent: *Taylor v. United States*, 495 U.S. 575 (1990) (establishing the categorical approach and recognizing the validity of a modified categorical approach for divisible criminal statutes); *Shepherd v. United States*, 544 U.S. 13 (2005) (applying modified categorical approach); *Nijhawan v. Holder*, 557 U.S. 29 (2009) (same); and *Johnson v. United States*, 559 U.S. 133 (2010) (same). *Descamps*, 133 S. Ct. at 2283-85. Thus, *Descamps* did not initially recognize a right and did not revive McNair's right to file a § 2255 motion more than a year after his judgment of conviction became final on September 17, 2003. Therefore, his motion is barred by the limitations period set forth in § 2255(f).

For the foregoing reasons, it is plain from the motion and the record of the prior proceedings that McNair is not entitled to relief. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly, the Court **GRANTS** the Government's motion to dismiss (Doc. 5), **DISMISSES** McNair's § 2255 motion as untimely, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the

Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.   A § 2255 petitioner may not proceed on appeal without a certificate of appealability.   28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045.   To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012).   Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial."   *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).

      The Court finds that McNair has not made a showing that reasonable jurists would find the constitutional claims debatable or that any debatable constitutional claims "lurk in the background" of any non-constitutional issues.   Accordingly, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: November 6, 2014**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**